IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL FRANCISCO VILLARREAL, | § | |
| TDCJ–CID # 01364926, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. H-20-1011 |
| v. | § | |
| | § | |
| LARRY WINZER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate currently confined at the Wallace Pack Unit of the Texas Department of Criminal Justice ("TDCJ"), proceeds *pro se* and *in forma pauperis* in this section 1983 lawsuit. He brings claims for negligence and deliberate indifference against UTMB and UTMB/TDCJ employees Larry Winzer ("Winzer"), an unnamed lieutenant at the Goree Unit ("Lieutenant"), Kolton Stoker ("Stoker"), and Erica Hopkins ("Hopkins").

Having reviewed the complaint pursuant to sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons explained below.

## I. BACKGROUND AND CLAIMS

Plaintiff alleges that he sustained a stroke on September 15, 2017, while asleep in his cell at the Goree Unit. He awoke and walked with difficulty to the medical department for his scheduled blood glucose finger stick test prior to his insulin dose. He states that he informed defendant nurse Winzer about the stroke, but Winzer completed the insulin check and told him to return to his cell. The next day he again told Winzer about the stroke, but

Winzer said plaintiff was scheduled to leave the Goree Unit on the chain bus that day for transport to a new unit. Winzer told plaintiff to discuss his concerns with medical staff when he arrived at his destination. Plaintiff also expressed his medical concerns to defendant Lieutenant, a Goree Unit officer at the chain bus entrance, but he told plaintiff there was nothing he could do. He, too, told plaintiff to notify authorities upon his arrival at the new unit.

Plaintiff reports that upon arrival of the chain bus at the Stringfellow Unit, he was examined and sent to a nearby hospital. The Stringfellow Unit officers were under the impression that plaintiff's stroke had occurred during the transport. Plaintiff was diagnosed with a cerebral-vascular stroke and given treatment. He contends that because defendants Winzer and Lieutenant failed to provide him emergency medical attention when he first notified them of the stroke, he now has a useless arm and walks by dragging his foot.

Plaintiff further states that Pack Unit senior practice manager defendant Stoker "falsified documents to cover up negligence," and that grievance officer defendant Hopkins "refuse[d] to give me back evidence back [*sic*], in my negligent [*sic*] claim." (Docket Entry No. 1, p. 3.)

Plaintiff seeks monetary damages against UTMB and the individual defendants in their official and individual capacities.

## II.  ANALYSIS

A.    Sections 1915, 1915A

Plaintiff is an inmate proceeding *in forma pauperis* who seeks redress from a governmental entity or its employees. The Court is required by federal law to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").

Plaintiff also proceeds *pro se* in this lawsuit. Complaints filed by *pro se* litigants are entitled to a liberal construction and, however "inartfully" pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even under this lenient standard, a *pro se* plaintiff must allege more than "labels and conclusions," and may not rely on a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id. Pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

B.     UTMB and Official Capacity Claims

Plaintiff seeks monetary damages against UTMB and against the individual defendants in their official capacity. UTMB is a state agency that enjoys immunity from suit in federal court. *See Lewis v. UTMB*, 665 F.3d 625, 630 (5th Cir. 2011). Plaintiff's direct claims against UTMB are barred by Eleventh Amendment sovereign immunity and are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's claims for monetary damages against the individual defendants in their official capacity are likewise barred by sovereign immunity under the Eleventh Amendment. Because state officials assume the identity of the government that employs them, state officials sued in their official capacity are not liable for damages under section 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, the Eleventh Amendment bars monetary damages against the individual defendants in their official capacities and such claims must be dismissed.

Plaintiff's claims against Winzer, the Lieutenant, Stoker, and Hopkins in their official capacity as employees of UTMB/TDCJ are barred by Eleventh Amendment sovereign immunity and are **DISMISSED WITHOUT PREJUDICE**.

C.     Defendants Stoker and Hopkins

Plaintiff complains that defendants Stoker and Hopkins violated his constitutional rights by denying relief on his administrative grievances in 2019 and 2020. No viable claim for relief under section 1983 is raised by such complaint. Prisoners have no constitutional right to satisfactory resolution of their prison administrative grievances. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

Plaintiff also appears to allege that Stoker falsified documents to conceal defendants' negligence and that Hopkins refused to return evidence regarding his negligence claims. These allegations arise in connection with the defendants' processing of plaintiff's 2019 and 2020 administrative grievances, and raise no viable claim for relief under section 1983. Plaintiff enjoys no constitutional protections against "falsified documents" or having "evidence" returned regarding his negligence claims. To the extent plaintiff's claims are premised on his dissatisfaction with the timeliness or substance of defendants' responses to his prison grievances, no viable claim is raised. *Jowers*, 404 F.3d at 373–74.

Plaintiff fails to state a viable section 1983 claim for relief against defendants Stoker and Hopkins, and his claims are **DISMISSED WITHOUT PREJUDICE**.

D.     <u>Limitations Bar</u>

Federal civil rights actions instituted in Texas, such as those brought pursuant to section 1983, are deemed analogous to personal injury claims, and are governed by the two-year limitation appearing in section 16.003(a) of the Texas Civil Practice & Remedies Code. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

5

Accrual of a section 1983 claim, however, is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Dismissal of a claim is appropriate if it is clear from the face of the complaint that the claims asserted are barred by limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Thus, a section 1983 claim to redress a medical injury arising from deliberate indifference to a prisoner's serious medical needs accrues when the prisoner knows of his physical injury and its cause.

In the instant case, plaintiff clearly states that his stroke occurred on September 15, 2017, and that the remaining two defendants, Winzer and the Lieutenant, ignored his reports of the stroke on September 16–17, 2017. His factual allegations show that he knew of his physical injury and its cause no later than September 17, 2017, and limitations expired two years later, on September 17, 2019. Plaintiff did not file this pending lawsuit until January 24, 2020, at the earliest, and the lawsuit is untimely.

Generally, the pendency of a prisoner's administrative grievances tolls the two-year statute of limitations. *Edwards v. Miller*, 385 F. App'x 405 (5th Cir. 2010); *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002). However, plaintiff's pleadings and exhibits in this case show that he filed his step 1 grievance on December 27, 2019, *after* expiration of the two-year statute of limitations. As a result, plaintiff's grievances did not act to toll the already expired statute of limitations, and his lawsuit remains barred by limitations.

Plaintiff's claims against defendants Winzer and the Lieutenant for deliberate indifference in their individual capacities are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim premised on expiration of limitations.

E.      State Law Claims

Plaintiff raises claims for negligence against the defendants.  Claims of negligence are based in state law and do not raise cognizable federal claims for purposes of section 1983. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendent jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011).  Because the Court is dismissing all of plaintiff's federal claims, it declines to exercise supplemental or pendent jurisdiction over any state law claims he may have raised in this lawsuit.

Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.  *See Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

### III.  CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to raise a viable claim for relief under section 1983 and as barred by limitations.  Any and all pending motions are **DENIED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the  31st  day of March, 2020.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE